Evariste C. Lavigne, J.
After service of the pleadings herein, this matter was placed on the Trial 'Calendar by the filing of a note of issue. The parties have now submitted to the court an agreed statement of the facts, so that only issues of law remain to be decided.
On January 5, 1971, an agent of the defendant telephoned plaintiff at his home and stated that he represented a distributor of baby furniture and wished to show to plaintiff and his wife a film on this subject and he wished to present to them a free gift. That evening, the said agent arrived at the home of the De Rouvill.es and, while there, the plaintiff signed an agreement to purchase a “ Stroll-O-Chair ” at a total cost of $433.95.
In the printed portion of the agreement, the words, ‘1 payment plan ” appear and there is written, opposite those words, the word ‘ ‘ layaway ’ ’. Plaintiff paid to said agent as a deposit, the sum of $53.95. That amount is deducted from the total cost and opposite the printed words, “ C.O.D. Balance”, there appears the figure $380.
On the following day, January 6, 1971, plaintiff notified the defendant by registered mail that he was canceling” the agreement and requested the return of his deposit. Apparently, within a few days following the signing of the agreement, plaintiff received from the defendant a booklet bearing the title, “'Stroll-O-Chair, Layaway Plan.” Enclosed with this booklet was a card bearing the name and address of plaintiff and an account number which had been assigned to plaintiff and the *509 card bore the' words, “ Enclose this card with payments to ”. The card contained 15 lines on which conld be inscribed the date and amount of payment on the account. In addition to payment of the balance due on a layaway basis, where, presumably, delivery would not be made until the full payment had been received, the booklet stated, £ ‘ However, where financial difficulties do arise, it is possible to transfer your order to a budget plan and .receive your set but continue to pay for it in convenient monthly payments.”
It, therefore, appears that the plaintiff had three options:
1. He could pay in full the total balance due and receive immediate delivery of the article purchased.
2. He could pay the balance due in as many as 14 installments and receive delivery of the merchandise upon completing the payments.
3. Hpon giving the defendant certain notification as required by the booklet and upon approval of plaintiff’s credit, he could receive delivery of the merchandise and make payments pursuant to a “ budg'et plan.”
On January 14,1971, defendant acknowledged receipt of plaintiff’s cancellation letter and refused to refund the deposit made.
Plaintiff contends that this transaction constituted a ££ home solicitation sale ” as defined in section 426 of the Personal Property Law and that he, having properly canceled the said agreement, is entitled to a return of the deposit plus $100 and reasonable attorney’s fees as provided in subdivision (3) of section 429 of the Personal Property Law.
Defendant argues that a ‘ ‘ layaway sale ’ ’ is not encompassed by the said statutes.
In defining “home solicitation sale”, subdivision 2 of section 426 states that it ‘ ‘ means a consumer transaction in which the purchase price is payable in four or more installments ”. The defendant argues that the agreement signed did not obligate the plaintiff to make more than two payments, i.e., the deposit and the total balance due. However, the booklet which contained defendant’s explanation of its “ layaway plan ” clearly gave to plaintiff the option of paying in as many as 14 installments. Defendant’s argument calls for a construction of the statute which is too narrow in the light of the purpose of the Legislature in enacting article 10-A of the Personal Property Law.
It is my view that the purchase price is payable in 4 or more installments if the purchaser has the option of paying in 4 or more installments, so that this transaction was a “home solicitation sale.” While the agreement itself did not specify or require more than 2 payments, it contained the handwritten word *510 “ layaway ” in the box labeled “ payment plan.’-’ The booklet sent by defendant to plaintiff had as its purpose, an explanation of the ‘ ‘ layaway plan ’ ’ and clearly revealed that- up to 14 more payments could be made.
In any event, subdivision 2 of section 426 further provides that if the seller makes or provides a loan to the buyer to pay any part of the purchase price, then such a transaction is a ‘ ‘ home solicitation sale ’ ’ even though it be denominated h cash sale in the agreement. The purchaser here had the option of applying to have his account placed -on a budget basis in which event he would receive immediate delivery of the merchandise and he would make his payments over a period of time, presumably on a retail installment basis. If such were accomplished, this would clearly be the making of a loan to the purchaser by the defendant and the transaction would be within the scope of the statute.
Since the transaction was one contemplated by article 10-A of the Personal Property Law and since defendant failed to refund the down payment within the time required, plaintiff is awarded judgment in the sum of $403.95, of which, $53.95 represents the down payment, the sum of $100 allowed by statute, and the sum of $250 for counsel fees, together with costs. .