Martin Schenck, J.
This is an appeal from a judgment of the City Court of Albany (67 Misc 2d 508 [Lavigne, J.]) granting judgment to the plaintiff for the amount of down payment on the contract in question plus $100 statutory allowance and $250 counsel fees. The Attorney-General filed a memorandum with a request that he be permitted to intervene as amicus curiae. That permission is granted and the Attorney-General’s brief is taken into consideration herein. The fact that there is a pending proceeding brought by the Attorney-General against the defendant in Supreme Court does not alter the entitlement of this plaintiff to bring an action nor does it affect the right of the Attorney-General to intervene as amicus curiae. The specific issues and the nature of the present litigation are sufficiently distinguished from the Supreme Court ease to constrain this court to deny defendant’s request to await determination by the Supreme Court before rendering a decision herein.
There is no substantial disagreement between the parties as to the facts herein. A representative of the defendant solicited the plaintiff for the purchase of an article known as a “■ Stroll-O-Chair ”. The plaintiff signed the agreement and made a down payment or deposit in the sum of $53.95. The agreement *253 stated on its face that there was a “ C.O.D. balance ” for the difference between the price of the item and the down payment. It also provided that in the absence of “ any statutory provisions, this order is not subject to cancellation for any reason and the deposit will not be refunded, credited or transferred ”. The following day (within the three-day period authorized by Personal Property Law, § 427, subd. [1]) the plaintiff sent the defendant a notice of cancellation in writing. The issue is whether the transaction was a “home solicitation sale” within the meaning of article 10-A of the Personal Property Law. Subdivision 2 of section 426 of that article in effect defines a “ Home solicitation sale ” as a transaction in which a person is solicited at his residence and where the purchase price is payable in four or more installments.
Subsequent to the signing of the agreement in question, the defendant sent to the plaintiff a card providing 15 lines for entries of payments. The number of payments which could be made via this card is not set forth. In its advice to the customer accompanying the payment form the defendant refers to the transaction as a “ layaway plan ”. It contains the following statement: ‘1 There are no carrying charges and by mailing periodic payments to us you will be surprised to find how quickly your set can be paid for ”. It is clear that the balance could be paid in installments or delivery would be made C.O.D. for the full amount.
Defendant argues that on its face this is not a transaction in which the purchase price is payable in four or more installments. In a well-reasoned opinion the City Court held to the contrary. This court concurs with the determination of the City Court. Certainly this transaction was, at the option of the purchaser, subject to payment in as many as 14 installments following the down payment. The fact that the purchaser could pay the entire amount in less than four installments or could make full payment upon delivery is immaterial. It is manifest that, under the conditions of the contract considered as a whole, the purchase price was clearly “ payable in four or more installments ” if the purchaser so desired. The whole purpose of the Home Solicitation Sales Law is to protect a person from the “ blandishments of high pressure door-to-door salesmen”. (See memorandum of Governor Rockefeller in signing Assembly Bill No. 5974-A [L. 1970, ch. 297], May 1, 1970, N T. Legis. Annual, 1970, p. 489.) The law permits a person to change his mind after being given a three-day grace period to reconsider a purchase which might have resulted from *254 pressure salesmanship. The procedure followed by the defendant herein amounts to little more than a subterfuge to avoid the grace period for cancellation. By examining the payment card and the instructions and advice accompanying it, it is obvious that the defendant anticipated payments over a period of time which might extend on the face of its own form to as many as 14 installments after the down payment. This plaintiff is entitled to the protection of the law which was designed to cover precisely this sort of transaction regardless of the fact that additional options other than installment payments were made available to him. The fact that the purchaser in using the form provided by the seller could fix, at his own option, the specific amounts of payments to be made from time to time does not affect the basic nature of the transaction. The argument that the applicable law is unconstitutional is without merit. The judgment of the City Court is in all respects affirmed.
Under section 429 of the Personal Property Law a purchaser is entitled, under the circumstances before us, to receive refund of his down payment plus $100 together with reasonable attorney’s fees. The trial court was within the proper exercise of its discretion in fixing attorney fees at $250.
This court will not, however, add an additional $250 to the judgment for further counsel fees on appeal, because no such specific authority has been indicated. Plaintiff, however, is entitled to statutory costs on this appeal. An order may be entered affirming the judgment of the City Court.